*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EZEQUIEL JACOBO, SR., et al., | CV 09-06685 DSF (AGRx) |
| Plaintiffs, | **DISCOVERY MATTER** |
| vs. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| LOS ANGELES COUNTY; et al., | |
| Defendants. | *NOTE CHANGES MADE BY THE COURT* |

## STIPULATED PROTECTIVE ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** as follows:

### 1.   **GOOD CAUSE:  PURPOSE AND SCOPE**

Plaintiffs served Rule 34 Requests for Production of Documents and Things on Defendant County of Los Angeles ("County"); in response thereto, County is producing documents deemed privileged and/or confidential, specifically: The County is producing documents ordered produced in the Court's July 28, 2010 Order, which the County contends are confidential personnel documents subject to the official information privilege.

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information" or "Highly

1  Confidential—Attorneys' Eyes Only Information" (collectively, "protected
2  information") and shall be subject to this Protective Order.

3      2.    **DURATION AND GENERAL LIMITATIONS**

4      The confidentiality obligations imposed by this Protective Order shall remain
5  in effect even after the termination of this litigation, and shall not be lifted without
6  further order of this Court. The Court shall retain jurisdiction to enforce this
7  Protective Order.

8      [In the event that the case proceeds to trial, ~~all of~~ the "Confidential   *used at trial*
9  Information" or "Highly Confidential—Attorneys' Eyes Only Information" ∧
10 becomes public ~~and will be presumptively available to all members of the public,~~ *there is a separate order upon written motion* ~~including the press,~~ unless ~~sufficient cause is shown in advance of trial to proceed~~
11 *and sufficient cause shown.* ~~otherwise.]~~

AGR

12     The secrecy and confidentiality of the "Confidential Information" or "Highly
13 Confidential—Attorneys' Eyes Only Information" exchanged during discovery in
14 this action shall be maintained, and all protected information exchanged will be used
15 solely for the litigation of this entitled action. No protected information or copies
16 thereof, nor any transcript, quotation, paraphrase, summary, or other description
17 containing protected information shall be reproduced, disseminated, or disclosed to
18 any person or use for any purpose except in accordance with this Protective Order or
19 by further order of the Court. Specifically, the receiving party may not use such
20 documents, records, or other information (or the contents thereof) for any other
21 purpose, including use as background material, or for inclusion in books, magazines,
22 newspapers, or other publications. The receiving party is prohibited from placing
23 any of the protected information on the internet.

24     3.    **DESIGNATED CONFIDENTIAL INFORMATION**

25         3.1.    Each party that designates Confidential Information for
26                 protection under this Protective Order shall ensure that such
27                 designation is not over-broad, and applies only to those

28

materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

3.2.   Information may qualify as Confidential Information only if it has not been made public.

3.3.   Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

3.4.   An inadvertent failure to designate Confidential Information does not waive the producing party's right to secure protection under this Protective Order.  If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

4.   **DESIGNATED "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" INFORMATION**

4.1.   Each party that designates "Highly Confidential—Attorneys' Eyes Only" Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

4.2.   Information may qualify as "Highly Confidential—Attorneys' Eyes Only" Information only if it has not been made public.

-3-

4.3.    Information may qualify as "Highly Confidential—Attorneys' Eyes Only" only if it consists of extremely sensitive information whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

4.4.    "Highly Confidential—Attorneys' Eyes Only" Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Highly Confidential—Attorneys' Eyes Only" on each page that contains such information, provided that such notation does not obscure or obliterate the document contents.

4.5.    An inadvertent failure to designate "Highly Confidential—Attorneys' Eyes Only" Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the "Highly Confidential—Attorneys' Eyes Only" Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Information is treated in accordance with the provisions of this Order.

5.    **TERMS AND CONDITIONS OF USE OF INFORMATION**

5.1.    Under no circumstances shall "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" must be stored and maintained by the receiving party at a location and in a secure manner that ensures

-4-

that access is limited to the person authorized under this Protective Order.  The protected information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

5.2. "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" and information derived therefrom may not be disclosed in any form to anyone not covered under this Protective Order.

5.3. Disclosure of Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

5.3.1. Any Party to this action and that Party's counsel;

5.3.2. staff and personnel employed by counsel for any party to this action;

5.3.3. the Court and court personnel, in connection with this litigation;

5.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and

5.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

5.4. Disclosure of Information designated "Highly Confidential— Attorneys' Eyes Only" shall be limited to the personnel and/or classification of persons listed below:

5.4.1. Any Party's counsel;

-5-

CV 09-06685 DSF (AGRx)

STIPULATED PROTECTIVE ORDER

5.4.2. staff and personnel employed by counsel for any party to this action;

5.4.3. the Court and court personnel, in connection with this litigation;

5.4.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and

5.4.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

5.5.   If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential—Attorneys' Eyes Only").

5.6.   A party seeking to file "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" ~~that a party intends to use~~ in support of or in opposition to a pre-trial filing with the Court must ~~be filed~~ comply ~~in accordance~~ with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5, and Paragraph 6 of the Standing Order. Counsel intending to use "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" must both (a) submit unredacted documents containing such Information under seal and (b) file public versions of the same documents with such Information redacted.

5.7.   Except as set forth in paragraph 5.7.1, counsel for any party to this action shall advise those individuals to whom disclosure of

-6-

"Confidential Information" or "Highly Confidential—Attorneys'
Eyes Only Information" is to be made of the contents of this
Protective Order, and such counsel shall obtain the consent of
such individual that he or she will be bound by this Protective
Order, prior to disclosure of such Information. In the event such
individual does not consent to be bound by this Protective Order,
no disclosure of "Confidential Information" or "Highly
Confidential—Attorneys' Eyes Only Information" shall be made
to that individual.

    5.7.1. The foregoing provision shall not apply to the disclosure
of "Confidential Information" or "Highly Confidential—
Attorneys' Eyes Only Information" to the Court or the
Court's staff.

    5.7.2. To the extent that the protected information may be
identified or referred to in depositions in this case, the
court reporter transcribing the deposition shall sign
documentation agreeing to be bound by the terms of this
Protective Order. Any questions intended to elicit
testimony regarding the contents of the protected
information shall be conducted only in the presence of
persons authorized to review the information as provided
in this Order. Any deposition transcript containing such
questions and testimony shall be subject to the same
protections and precautions applicable to the protected
information.

5.8.    Any counsel, expert, consultant or investigator retained by
counsel for any party to this case shall not refer to "Confidential
Information" or "Highly Confidential—Attorneys' Eyes Only

Information" in any other court proceeding without further order of this Court.

5.9. The parties shall made good faith efforts to consent to the use of "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

5.10. In the event that a receiving party receives a subpoena, discovery request, or other legal process seeking production of protected information, the receiving party must give prompt written notice to the producing party. The receiving party shall inform the person or entity seeking the protected information of the existence of this Order and shall not produce the protected information absent a Court order requiring such production.

5.11. [Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.]

*AGR*

6.   **CHALLENGES TO DESIGNATIONS**

6.1. Should a party challenge the designation of "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

6.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information." The

designation of the challenged information shall remain unchanged until the Court rules on the challenge.

7.  **UNAUTHORIZED DISCLOSURE**

7.1.    If a receiving party learns that it has disclosed "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto.  Should the Court determine that the receiving party intentionally disclosed "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

7.2.    Under no circumstances shall the receiving party file in the public record any "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," without written permission from the producing party or ~~an Order of this~~ pursuant to court order upon application under Local Rule 79-5. ~~Court, and only upon timely written notice to all interested parties.~~  The parties shall make good faith efforts to consent to the use of "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," and shall meet and confer to discuss redactions of particularly sensitive information.

*AGR*

8.  **RIGHT TO ASSERT OBJECTIONS**

    8.1.  By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

9.  **RETURN OF CONFIDENTIAL INFORMATION**

No more than thirty (30) calendar days after the conclusion of this case the receiving parties and every other person and/or entity who received originals or copies of the "Confidential Information" and/or "Highly Confidential Information – Attorneys' Eyes Only" shall return all originals, copies of the protected information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order, to the producing party care of:

For County Defendants:

    Nathan A. Oyster, Esq.

    Lawrence Beach Allen & Choi, PC

    100 West Broadway, Suite 1200

    Glendale, California 91210-1219;

For Plaintiffs:

    Vicki I. Sarmiento, Esq.

    Law Offices of Vicki I. Sarmiento

    333 North Garfield Avenue

Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this

CV 09-06685 DSF (AGRx)

STIPULATED PROTECTIVE ORDER

case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

This Order may not be modified unless by written consent of the parties **and** approval of the Court.

**IT IS SO ORDERED.**

DATED: August 12 , 2010

_Alicia A. Rosenberg_
Hon. Alicia G. Rosenberg
United States Magistrate Judge

Approved as to form and content except as to bracketed language:

Dated: August 10 , 2010          LAW OFFICES OF DALE K. GALIPO

By  /s/ John C. Fattahi
John C. Fattahi
Attorneys for Plaintiffs

Dated: August 10 , 2010          LAWRENCE BEACH ALLEN & CHOI, PC

By _____
Nathan A. Oyster
Attorneys for Defendants
COUNTY OF LOS ANGELES,
SHERIFF LEROY BACA,
DEPUTY MAT TAYLOR,
DEPUTY AMALIA HERNANDEZ,
and LT. LIAM GALLAGHER

-11-